DICKSON *v.* BOARD OF DIRECTORS OF LONG PRAIRIE LEVEE
DISTRICT.

Opinion delivered November 8, 1920.

1. CONSTITUTIONAL LAW—CONDEMNATION FOR LEVEE PURPOSES.—Acts
1917, p. 1683, which provides for the relocation of a levee built
by a district organized under a previous act, and for assessment
of damages to owners whose property is taken on relocation of
the levee, *held* to comply with the constitutional requirements as
to due process and compensation, though condemnation is made
only by adoption of relocation plans, instead of by the method
provided by the general law.

2. EVIDENCE—RECORD OF PLANS OF LEVEE DISTRICT—ORAL EVIDENCE.
—In an action by a levee district to restrain a landowner from
preventing access to his land sought to be taken for relocation,
oral evidence as to the filing and record of the relocation plans
was inadmissible, the record being the best evidence.

Appeal from Lafayette Chancery Court; *J. M.
Barker,* Chancellor; reversed.

*J. M. Carter,* for appellant.

1. The demurrer to the complaint should have been
sustained, as it shows no right in plaintiff to go upon
and construct a levee across appellant's lands. Act 106,
Acts 1905, p. 267. Act 339, Acts 1917, p. 1863, does not
authorize the district to exercise the right of eminent do-
main, and the demurrer should have been sustained.

2. It was error to admit oral proof of the filing of
the plans and specifications. 80 Ark. 80. See, also, 15
N. E. 601; 37 *Id.* 91; 3 Tex. Civ. App. 436; 48 Atl. 218; 10
N. E. 657; 19 So. 239; 63 N. E. 118.

McCULLOCH, C. J. Appellee is a levee district in
Lafayette County, organized by special statute enacted
by the General Assembly of 1905. Acts 1905, page 267.
A levee was constructed to protect the lands in the dis-
trict from inundation from the waters of Red River.
The General Assembly of 1917 (Acts 1917, page 1683)
enacted another special statute reciting the fact that a
considerable portion of the levee built by said district
had been washed away, and that it had become necessary

to raise and strengthen the levee for the protection of the property in the district. The new statute provided, in substance, that the board of directors of said district should "raise and strengthen the levees of said district" and "change the location thereof where necessary so as to protect the lands of said district, or as much of said lands as practicable, from overflow by the waters of Red River," and that the board should employ an engineer to make plans for the relocation of the levees, and that "said plans with the accompanying specifications and a plat showing the location of all levees in the district together with an estimate of the probable cost" should be filed in the office of the county clerk. The statute further provided that the board of directors should appoint a board of assessors to assess the benefits to accrue from the additional improvement "and also all damages which may be sustained by any person or corporation by reason of the construction of the improvement;" that the assessment of benefits and damages so made should be filed with the president of the board of directors; that notice should be published and a hearing given to landowners who desired to make complaint, and that any person or corporation "aggrieved by the action of the board of assessors fixing the assessment list, as herein provided, shall have the right for twenty days from the date of adjournment of said board of assessors sitting as a board of equalization to apply to any court of competent jurisdiction to set aside said assessment list," etc.

Appellant owned certain lands in the district, and when the work of the improvement began, he refused to permit the work to be done on his land and interfered with the contractor. This action was instituted by the board of directors of said district to restrain appellant from interfering with the construction of the levee. On final hearing injunctive relief was granted as prayed for, and an appeal has been prosecuted to this court.

The first contention of appellant is that there was no condemnation of his land for the relocation of the

levee; and that he was therefore within his rights in preventing the taking of his land without a legal condemnation thereof. It is contended that the original act fixed the method of condemnation by reference to the general statute, which was not complied with. Counsel is not correct in the position thus taken, for the act of 1917, *supra,* is complete and provides authority for taking the land to be used in relocating and constructing the levee and in assessing damages therefor. An adequate remedy was provided for an aggrieved landowner, which answered in all respects the constitutional requirements of due process of law and of awarding compensation for private property taken for public use.

The case comes squarely within the decision of this court in *Dickerson* v. *Tri-County Levee District,* 138 Ark. 471. The governing statute in that case was similar to the one involved here, the only difference being that that case was one where the landowner disregarded the statutory proceedings and brought suit for damages to his property, whereas in the present suit the property owner is attempting, by resort to force, to prevent the taking of the property. The statute itself, in providing that the engineer should make and file plans and that the board should relocate the new levee and proceed to construct it, constituted in itself an exercise of the right of eminent domain, and another section of the statute provided for the assessment of damages. This method was approved in the case just cited and was held to be valid.

It is next contended that the court erred in admitting oral testimony as to the plans and specifications. The attorney for the district, Mr. Searcy, testified that the plans and specifications showing the relocation of the levee were filed in the office of the county clerk in accordance with the provisions of the statute. This proof was objected to by appellant, but was admitted over his objection. There was no other proof of the filing of the plans and specifications. The filing of the plans and specifications in the office of the county clerk made a rec-

ord which constituted the sole evidence of what was done in that regard, and no other proof could be introduced in the absence of proof of loss or destruction of the record. The adoption of the plans and specifications showing the new route of the levee and the filing of the same in compliance with the statute constituted a condemnation of the property to be taken in the construction of the improvement. The record thus made also formed the basis of the assessment of benefits and damages, and the filing of these plans was therefore jurisdictional. Without such proceedings, there was no condemnation of the land, and appellant was not bound to submit to the taking of his property. He should not be restrained from interfering with the proceedings which constituted an unlawful invasion of his rights.

We are of the opinion therefore that the court erred in admitting oral proof of the filing of the plans and specifications and the condition of said record. For this error the judgment is reversed, but the cause will be remanded with directions to permit record evidence to be introduced to show that there was a valid condemnation in accordance with the statute, and for further proceedings not inconsistent with this opinion.